Submitted on record and briefs May 17, reversed and remanded with instructions July 24, 1996

In the Matter of the Marriage of

Barbara Ann CROMMETT,
*Respondent,*
*and*

Darwin Lee CROMMETT,
*Appellant.*

(C911992DR; CA A86064)

920 P2d 1139

Bradley C. Blyth and Blyth, Porcelli & Blyth filed the brief for appellant.

Brian J. Dobie filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Husband appeals from an order denying his motion to terminate his spousal support obligation. On *de novo* review, we reverse. ORS 19.125(3).

Husband and wife were married 23 years. At the time of dissolution of their marriage in 1992, husband earned $2,270 per month as a welder, and wife worked part time as a bank teller earning $800 per month. The parties agreed that it would be desirable for wife to continue to work part time so that she could spend more time with their daughter, who was then seven years old. They therefore stipulated in the judgment of dissolution that, in addition to $290 per month in child support, husband would pay wife $400 per month in spousal support. Approximately one week after the judgment of dissolution was entered, wife left her position at the bank and went to work in a doctor's office as a full-time receptionist. She testified that her reason for leaving her bank teller position was that she would have had to start working on Saturdays and that she did not want to be away from her daughter on those days. Moreover, she testified that the receptionist's job paid more money.

Meanwhile, husband never made the full monthly spousal support obligation, and eight months after the dissolution he ceased paying spousal support altogether. Both parties' income and expenses have increased since the dissolution judgment. Wife now works as a receptionist at another doctor's office, earning $2,181 per month. Husband's current income is approximately $2,879 per month.

Husband argues that, in the light of the substantial increase in wife's income, the need for spousal support no longer exists. Wife counters, and the trial court agreed, that to terminate husband's spousal support obligation would reward husband for his own wrongdoing. She argues that she was forced to obtain full-time employment as a result of husband's failure to pay the stipulated spousal support. She further asserts that, in the light of her lack of job security and her lack of job skills, her current income does not indicate a substantial change of circumstances that was not contemplated by the paries at the time of the dissolution.

Contrary to wife's arguments, there is no persuasive evidence that husband's failure to pay spousal support caused her to seek full-time employment, nor is there evidence that after making her initial decision to work full time, she continued working full time because of his failure to pay spousal support. Although we do not condone husband's defaults, we note that wife has judgments arising from those defaults upon which she could execute. We therefore turn to husband's argument regarding the increase in wife's income.

ORS 107.135 grants the court power to modify or terminate a spousal support obligation on a showing of an unanticipated substantial change in economic circumstances.[1] In *Bates and Bates*, 303 Or 40, 45, 733 P2d 1363 (1987), the court explained that whether there has been a substantial change in circumstances depends on the purposes for which the support was originally granted. In this case, wife had job skills that enabled her to earn only $6.35 per hour on a part-time basis at the time of dissolution. The parties agreed that the purpose of the support was to allow wife to continue to work part time in order to spend more time with the parties' daughter, as well as to provide her with a standard of living not overly disproportionate to what she enjoyed during the marriage. Wife has changed her job from a part-time to full-time position, and her monthly income has increased substantially. There is nothing to suggest that those circumstances were anticipated in 1992. Based on our understanding of the original purposes for the spousal support award, her change to a full-time position and the $1,300 monthly increase in her gross income constitute a substantial change of circumstances under ORS 107.135. We therefore conclude that the spousal support award of $400 per month should be terminated under ORS 107.135(5).

Reversed and remanded for entry of order terminating spousal support; costs, not including attorney fees, to husband.

---

[1] ORS 107.135(2) provides, in part:

"(2) In a proceeding under this section to reconsider the spousal or child support provisions of the decree, the following provisions apply:

"(a) A substantial change in economic circumstances of a party * * *."